# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. | Case No. CV 20-04828-JEM |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |
| ANDREW M. SAUL, Commissioner of Social Security, | |
| Defendant. | |

## PROCEEDINGS

On May 29, 2020, Mr. Anthony R.[1] ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. (Dkt. 2.) The Commissioner filed an Answer on October 22, 2020. (Dkt. 15.) On February 26, 2021, the parties filed a Joint Stipulation ("JS"). (Dkt. 21.)[2] The matter is now ready for decision.

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] The Joint Stipulation had the wrong case number in its caption (5:20-cv-00833 instead of 5:20-cv-04828) and a Notice of Filer Deficiency was entered on the docket on February 26, 2021 (Dkt. 21) stating that the case number was incorrect.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court affirms the Commissioner's decision and dismisses this case with prejudice.

## BACKGROUND

Plaintiff is a 36 year-old male who applied for Social Security Disability Insurance benefits on June 16, 2017, alleging disability beginning December 4, 2015. (AR 19.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since December 4, 2015, the alleged onset date. (AR 21.)

Plaintiff's claim was denied initially on August 30, 2017, and on reconsideration on December 5, 2017. (AR 19.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Mary L. Everstine on February 12, 2019, in Santa Barbara, California. (AR 19.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 19.) Vocational expert ("VE") Sharon Spaventa also appeared and testified at the hearing. (AR 19.)

The ALJ issued an unfavorable decision on March 22, 2019. (AR 19-28.) The Appeals Council denied review on March 29, 2020. (AR 1-4.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises only the following disputed issue as ground for reversal and remand:

1. Is the ALJ's RFC determination supported by substantial evidence where the ALJ failed to properly weigh the opinions of consulting examiner Alan Moelleken, M.D., as supported by the record, including the opinion of treating neurosurgeon Thomas Jones, M.D., whose opinion the ALJ found persuasive but failed to reconcile with his RFC.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's decision is supported by substantial evidence and free of legal error. Coleman v. Saul, 979 F.3d 751, 755 (9th Cir. 2020); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996);

see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must

determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since December 4, 2015, the alleged onset date. (AR 21.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: status post-L4-5 and L5-S1 decompression with discectomy and bilateral decompression laminectomy L3-5 due to post-operative cauda equine syndrome (March 2016); right knee osteoarthritis status post-anterior cruciate ligament (ACL) reconstruction (2002) and arthroscopy (June 2017) secondary to menisci tears; left knee osteoarthritis status post-ACL reconstruction; obesity; and sleep apnea. (AR 21-22.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 22.)

The ALJ then found that Plaintiff had the RFC to perform light work as defined in 20 CFR § 404.1567(b) with the following limitations:

> Claimant is further limited to sitting no more than 6 hours and standing and walking no more than 2 hours in an 8-hour day, occasionally climbing, balancing, stooping, kneeling, crouching and crawling, and no climbing ladders, ropes or scaffolds or working at unprotected heights. Claimant must be permitted to use a cane for long distance walking, avoid walking on uneven surfaces, and be permitted to alternate between sitting and standing every hour for 1 minute at a time and every 2 hours (on breaks) for 10 minutes at a time.

(AR 22-26.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical evidence and other evidence of record. (AR 23.) Plaintiff does not challenge this finding.

At step four, the ALJ found that Plaintiff is not able to perform any past relevant work as a warehouse worker. (AR 26.) The ALJ, however, also found at step five that, considering Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of cashier II and document preparer. (AR 27.)

Consequently, the ALJ found that Claimant is not disabled within the meaning of the Social Security Act from the alleged onset date of December 4, 2015, through the date of decision on March 22, 2019. (AR 27-28.)

## DISCUSSION

The ALJ decision is affirmed. Plaintiff contends that the ALJ's RFC is not supported by substantial evidence because the ALJ failed to properly weigh the opinions of workers' compensation physician Dr. Alan Moelleken and treating neurosurgeon Dr. Thomas Jones. The Court disagrees.

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 466 F.3d at 883.

The SSA has modified its regulations for evaluating medical evidence in applications for benefits filed after March 27, 2017. See Revisions to Rules Regarding The Evaluation Of Medical Evidence 82 Fed. Reg. 5844 (Jan. 18, 2017). As Plaintiff filed his application on June 16, 2017, the new rules apply here. The new regulations provide the Commissioner "will no longer give any specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion." See 20 C.F.R. §§ 404.1520c(a); 416.920c(a). Instead, the Commissioner must consider all medical opinions and "evaluate their persuasiveness" based on "supportability" and "consistency" using the factors specified in the regulations. 20 C.F.R. §§ 404.1520c(c); 416.920c(c). In addition to "supportability," and "consistency," the factors also include "relationship with the claimant," "specialization," and "other factors." Id. "Supportablity" and "consistency" are considered to be "the most important factors" in the evaluation process. Id. See also Revisions to Rules, 82 Fed. Reg. 5844.

Although the regulations eliminate the "physician hierarchy," deference to specific medical opinions, and assigning "weight" to a medical opinion, the ALJ must still "articulate how [he/she] considered the medical opinions" and "how persuasive [he/she] find[s] all of the medical opinions." 20 C.F.R. §§ 404.1520c(a) & (b)(1), 416.920c(a) & (b)(1). The ALJ is specifically required to "explain how [he/she] considered the supportability and consistency factors" for a medical opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Accordingly, the Court evaluates whether the ALJ properly considered the factors set forth in the revised regulations in determining the persuasiveness of a medical opinion.

To date, the Ninth Circuit has not had an opportunity to expound on the new regulations. District courts in this Circuit, however, generally have not found a major analytical difference between identifying a specific legitimate reason that is supported by substantial evidence[3] (old regulations) and explaining why a medical opinion is not properly supported or is inconsistent with other opinions (revised regulations.) See, e.g., Paula J. v. Comm'r Soc. Sec., 2021 WL 1019939, at *2 (W.D. Wash. Mar. 17, 2021) ("[I]t is not clear the Court's consideration of the adequacy of an ALJ's reasoning under the new regulations differs from the current Ninth Circuit standards in any significant respect").

**B.     Analysis**

Plaintiff alleges that he cannot work due to back problems, high blood pressure, nerve damage in both legs, and knee problems. (AR 23.) He also is obese. (AR 21.) He alleges he is able to sit only for 10 minutes or stand for 10 minutes. (AR 23.) He has taken gabapentin and tramadol for pain. (AR 23.) The ALJ did find that Plaintiff has medically determinable severe back and knee impairments. (AR 21.) Nonetheless, the ALJ assessed Plaintiff with a reduced range light work RFC, limiting Plaintiff to "sitting no more than 6 hours and standing and walking no more than 2 hours in an 8 hour work day." (AR 22.) Plaintiff can occasionally climb, balance, kneel, crouch, and crawl and must be permitted to alternate between sitting and

---

[3] If a physician's opinion is contradicted by another doctor, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons supported by substantial evidence in the record. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).

standing. (AR 22.) Consequently, the ALJ found Plaintiff was not disabled from the alleged onset date of December 4, 2015, through the date of decision on March 22, 2019. (AR 27-28.)

Plaintiff contends that the ALJ's RFC is not supported by substantial evidence because the ALJ erred in discounting the opinion of Plaintiff's workers' compensation physician Dr. Alan Moelleken. On November 16, 2016, Dr. Moelleken conducted a panel qualified medical evaluation and completed a Physician's Return-To-Work & Voucher Report. (AR 25, 816-826, 883.) Plaintiff reported he cannot stand or walk for more than 10 minutes and has increased pain with sitting more than 10 to 15 minutes. (AR 816.) Dr. Moelleken opined that Plaintiff could stand, walk, sit, bend, squat, climb, twist, reach, crawl, and drive 1-2 hours. (AR 25, 883.) Dr. Moelleken opined, "Given the totality of the applicant's condition, in my opinion, he is considered permanently and totally disabled from any type of work." (AR 823.) He further stated that Plaintiff is "unable to return to any type of work on a permanent basis given the totality of his condition." (AR 824.) Dr. Moelleken also opined that Plaintiff "is unable to return to any type of work on a permanent basis." (AR 883.) Dr. Moelleken evaluated Plaintiff again on August 29, 2018. (AR 25, 807-811.) Plaintiff reported constant lower back pain, inability to stand and walk for more than 10 minutes, and increased pain when sitting more than 15 minutes. (AR 25, 807.) Dr. Moelleken stated that his opinion of disability was unchanged. (AR 809.)

The ALJ found Dr. Moelleken's opinions "unpersuasive, as they are largely based on the Claimant's subjective reporting and the longitudinal record does not support such restrictive limitations." (AR 25.) The Commissioner contends that the ALJ adequately explained that Dr. Moelleken's opinions lack "supportablity" and "consistency" with other medical and non-medical evidence. Regarding his lumbar spine, Plaintiff had no history of lower back pain until a December 3, 2015 incident in which he tried to lift a water heater. (AR 24.) He experienced immediate back pain and a January 2016 MRI indicated severe stenosis. (AR 24.) In March 2016, he underwent a left bilateral lumbar decompression and left-sided decompression discectomy. (AR 24.) He developed cauda equine syndrome (swelling of the spinal nerves) following his surgery for which he underwent a bilateral laminectomy, also in March 2016. (AR

24.) On July 11, 2016, his treating neurosurgeon Dr. Thomas Jones reported that Plaintiff "[t]olerates sitting up to 45 min. then, minimally, needs to stretch and walk a little." (AR 289.) He also reported that Plaintiff's "previous L DF/Evertor weakness seems gone . . . he has no radicular pains. SLR (straight leg raising) neg. Hip ROM (range of motion) supple." (AR 289.) Dr. Jones opined:

> [I]t is safe for him to return to a desk job where he is permitted to stand and stretch every 45 min. Walking is ok if ⟨ 30 min. He cannot do sig. lifting, bending and/or twisting. It is highly unlikely he will ever return to heavy work.

(AR 289.)

Dr. Jones saw Plaintiff again on August 17, 2018. (AR 24, 290.) He reported Plaintiff is "working out in gym with bike and pool, some resistance ex." (AR 290.) He states Plaintiff was limited more by bilateral knee joint pains and right ankle but some exertional stiffness in back remains. (AR 290.) "His L L-5 weakness is no longer detectable." (AR 290.) He observed Plaintiff walks with a cane but more for his joint issues than his back. (AR 290.) Dr. Jones concluded, "Currently no need for routine care" (AR 24, 290), stating: "Currently limitations will likely permanently disable him from heavy lifting, frequent bending and stair climbing job. <u>Can work in sitting/standing job with light lifting up to 10 lbs. frequently and 25 occ. but not over 50 lbs.</u>" (AR 24, 290 (emphasis added).) The ALJ found Dr. Jones' opinions "persuasive," as Dr. Jones was Plaintiff's treating neurosurgeon. (AR 24.) The ALJ plainly viewed Dr. Jones' opinions as inconsistent with those of Dr. Moelleken. (AR 49-50.)

Plaintiff asserts that the ALJ failed to explain why Dr. Jones' opinions did not support Dr. Moelleken's opinion where it is obvious that Dr. Moelleken "relied" upon them. (JS 19:9-11.) Plaintiff misreads the evidence. Dr. Moelleken summarized Plaintiff's medical treatment history, including Dr. Jones' opinions. (AR 816-826.) Dr. Moelleken considered Dr. Jones' opinions but did not "rely" on them. In fact, he rejected them. Dr. Moelleken opined Plaintiff was totally disabled. (AR 823, 824, 883.) Dr. Jones opined that Plaintiff can perform a light work sitting/standing desk job. (AR 24, 289, 290.) Dr. Jones' opinions are largely consistent

with the ALJ's reduced range light work RFC. The limitations Dr. Jones assessed are not consistent with or supportive of disability or with Dr. Moelleken's opinion. Plaintiff apparently believes that Dr. Jones' limitations of standing and stretching every 45 minutes, walking less than 30 minutes, and working a sitting/standing job would place Plaintiff off task requiring unscheduled breaks. (JS 20.) Plaintiff offers no authority for the assertion that standing and stretching every 45 minutes equates to being "off task."[4] Indeed, that limitation barely differs from the ALJ's RFC limitation permitting Plaintiff to "alternate sitting and standing every hour for a minute at a time." Also, working a light work sitting/standing job is obviously not contrary to the ALJ's light work RFC (AR 22) or supportive of Dr. Moelleken's opinion of disability. (AR 47.) The ALJ's hypothetical question to the VE, moreover, makes no mention of <u>unscheduled</u> breaks ("alternate sitting and standing . . . every two hours for up to ten minutes at a time during breaks"). (AR 47.) Nor does the ALJ's RFC which permits Plaintiff to "alternate between sitting and standing every hour for 1 minute at a time and every 2 hours (on breaks) for 10 minutes at a time." (AR 22.) There is no indication this limitation could not be accommodated by normal work breaks and the lunch break. There is no indication that additional unscheduled breaks would be required.

The VE concluded that the sit/stand option was at will and identified two jobs, cashier II (light) and document preparer (sedentary) that Plaintiff can perform within the ALJ's RFC. (AR 27, 48.) The VE then reduced the available number of these jobs because of the sit/stand at will option. (AR 27, 48.) The VE testified there would be 47,650 light work cashier II jobs and 46,540 sedentary, document preparer jobs available nationally, which is a significant number of jobs. (AR 27, 48.) See <u>Gutierrez v. Comm'r of Soc. Sec.</u>, 740 F.3d 519, 527-29 (9th Cir. 2014) (either 2,500 jobs in California or 25,000 jobs nationally is a significant number). The VE's recognized expertise provides the necessary foundation for her testimony and "no additional

---

[4] Plaintiff asked the VE if any jobs would be available if a person was off-task 10 percent of the day. (AR 49.) She said no. There is no evidence, however, that Plaintiff would be off task 10 percent of the time or that the ALJ, VE, or Dr. Jones thought that would occur.

foundation is necessary." Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) The ALJ's decision to deny benefits, then, is supported by substantial evidence.

Even if the ALJ erred in not adopting all of Dr. Jones' opined sitting and standing limitations for his light work RFC, the error would be harmless because the VE identified the sedentary "desk job" of document preparer (AR 27) that Plaintiff could perform. See Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (error is harmless when it is "inconsequential to the ultimate nondisability determination"), quoting Stout v. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006); Carmichael v. Comm'r Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008) (error is harmless where it would not change the outcome of the disability determination). The VE's assessment that Plaintiff could perform the sedentary document preparer job is consistent with SSR 96-9p, at *6-7 (discussing alternating sitting and standing and recommending that the ALJ consult a vocational resource). SSR 96-9p, at *6 also advises that the ALJ's RFC assessment "must be reasonably complete to allow an adjudicator to make an informed judgment." The ALJ's limitation that Plaintiff must be "permitted to alternate between sitting and standing every hour for 1 minute at a time and every two hours (on breaks) for 10 minutes at a time" (AR 22) provides the necessary detail. The sedentary desk job is consistent with Dr. Jones' opinion that Plaintiff could return to a "desk job." (AR 289.)

Also inconsistent with Dr. Moellenken's disability opinion are the opinions of two State agency reviewing physicians that the ALJ considered. (AR 25-26.) On September 28, 2017, Dr. Ormsby opined that Plaintiff is capable of sedentary work, sitting 6 hours, and standing/walking slightly less than 2 hours in an 8 hour work day, within 12 months of his back surgery. (AR 25, 54-62, 56.) The ALJ found Dr. Ormsby's opinion "persuasive," as it is consistent with the medical evidence of record, reflecting "ongoing back and leg pain, intermittent muscle spasms in the mid and low back and parasthesias in the right leg." (AR 26.) The ALJ, however, found that Dr. Ormsby's limitation to sedentary work was unwarranted

because of Plaintiff's testimony that he is unable to lift and carry his 5 month old daughter.[5] (AR 26.) On December 4, 2017, Dr. C. Eskander opined Plaintiff could perform light work, sitting six hours, and standing and walking <u>three</u> hours in an 8 hour work day. (AR 26, 64-73.) The ALJ, however, concluded that Dr. Eskander underestimated Plaintiff's limitations. (AR 26.) The opinions of Dr. Jones, Dr. Ormsby, and Dr. Eskander are inconsistent with Dr. Moelleken's opinion of disability.

There is other longitudinal medical evidence inconsistent with Dr. Moelleken's opinion of disability. In May 2017, Plaintiff's pain management specialist Dr. Michael Kenly prescribed nortriptyline, pamelor, and gabapentin. (AR 24.) Due to Plaintiff's ongoing complaints of pain, he was given a trial spinal cord stimulator, which he reported reduced his pain 65%. (AR 24.) A September 2017 MRI of the thoracic spine indicated degenerative changes "without significant stenosis." (AR 24, 468.) In October 2017, Plaintiff received a spinal cord stimulator implant and he reported some immediate improvement in his back and leg pain. (AR 24.) He experienced severe pain in June 2018, but by August 2018 he reported that his symptoms were stable with the stimulator, he elected not to use the nortriptyline, and he had weaned off gabapentin and tramadol. (AR 24, 25, 744-745.) The above evidence directly contradicts Dr. Moelleken's statement in his August 29, 2018 report that the spinal cord stimulator provided "minimal relief at the beginning, no relief currently." (AR 807.) There was, however, some continuing thoracic pain. (AR 745, 750.)

With regard to Plaintiff's knees, he has a history of bilateral ACL tears due to football injuries with reconstruction in 2002. (AR 24.) September 2016 x-rays of the knees indicated mild osteophytosis (bone spurs) on the left and osteoarthritis on the left. (AR 24, 419.) In October 2016, Plaintiff was diagnosed with osteoarthritis of the right knee and given an epidural steroid injection. (AR 24.) A March 2017 radiograph indicated mild osteophytosis of the right

---

[5] The ALJ's reason for discounting Dr. Ormsby's sedentary RFC is not persuasive. Plaintiff testified his daughter weighs less than 10 pounds. (AR 42.) Sedentary work is defined as lifting no more than 10 pounds. 20 C.F.R. § 404.1567(a). Nonetheless, any error is harmless because, as already noted, the VE identified a sedentary job Plaintiff can perform.

knee. (AR 24.) In June 2017, Plaintiff underwent a right knee arthroscopy. (AR 25.) In December 2017, Plaintiff reported he was still experiencing pain and was given a cortisone injection from which he reported a fair result. (AR 25.) A February 2018 radiograph of the right knee indicated mild osteoarthritis. (AR 25.) The Commissioner contends that this mild objective evidence does not support Dr. Moellenken's functional limitation opinions.

Also, the ALJ found that Plaintiff's hypertension has been controlled with medication and is not severe. (AR 21.) For Plaintiff's severe impairment of obesity, he underwent gastric sleeve surgery in April 2017 after which he lost considerable weight. (AR 23.) Plaintiff's severe impairment of sleep apnea resolved in 2017 following the gastric surgery. (AR 23-24.) Similarly, the ALJ found that Plaintiff has minimal to modest degenerative changes of the right ankle. (AR 22.) As none of his treating physicians found it appropriate to prescribe treatment for this condition, the ALJ found the condition to be non-severe. (AR 22.)

An ALJ may reject a physician's opinion that is contradicted by a claimant's own admitted or observed abilities. Bayliss, 427 F.3d at 1216. Here, Plaintiff states that he is unable to sit or stand for 10 minutes but was working out at the gym, bicycling and swimming, and doing resistance training. (AR 25, 24, 290.) Plaintiff says he did so at a physician's recommendation (AR 291), but the salient point is that he was able to perform these activities, which obviously are inconsistent with disability. The medical evidence also contradicts Plaintiff's allegations. Dr. Jones opined Plaintiff could stand and stretch every 45 minutes. (AR 290.) Dr. Ormsby and Dr. Eskander indicated Plaintiff can sit for six hours and stand and walk for at least 2 hours. (AR 25-26.) The lack of support for Plaintiff's statements is a valid reason for rejecting the disability opinion of Dr. Moelleken, who relied on the statements as a basis for his opinion in both his November 16, 2016 report and his August 28, 2018 report. (AR 816, 807.) Tommasetti, 533 F.3d at 1041 ("An ALJ may reject a . . . physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discredited"). The ALJ's determination that Dr. Moelleken's opinion of disability is largely based on Plaintiff's subjective reporting (AR 25) is supported by substantial evidence.

Plaintiff disputes the ALJ's RFC, but it is the ALJ who is responsible for determining credibility, resolving conflicts in the medical testimony, and resolving ambiguities. Ford v. Saul, 950 F.3d 1141, 1154 (9th Cir. 2020). Where evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld. Id.

The ALJ discounted Dr. Moelleken's opinions for specific, legitimate reasons supported by substantial evidence. The ALJ explained that Dr. Moelleken's opinions lack supportability and consistency with other medical opinions, medical evidence, and non-medical evidence. The ALJ's RFC is supported by substantial evidence.

\* \* \*

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: May 24, 2021                             */s/ John E. McDermott*
                                                                 JOHN E. MCDERMOTT
                                                        UNITED STATES MAGISTRATE JUDGE